19306

The STATE, Respondent, v. William H. FLYNN, Jr., Appellant

(184 S. E. (2d) 440)

*Edward L. Cook, Esq.,* of Charleston, *for Appellant,* cites:

*Messrs. Robert B. Wallace, Sol., and A. Arthur Rosen-blum, Asst. Sol.,* of Charleston, *for Respondent,* cite:

*Edward L. Cook, Esq.,* of Charleston, *for Appellant, in Reply* cites:

November 2, 1971.

LEWIS, Justice.

Appellant, William Henry Flynn, Jr., has appealed from his conviction of attempted housebreaking, upon the sole ground that the trial judge erred in refusing his motion for a continuance.

Appellant was indigent and entitled to the appointment of Counsel to represent him. He was arrested on August 1, 1969 and counsel was appointed for him on Wednesday, September 10, 1969. His trial began on the following Monday, September 15, 1969, approximately four days after the appointment of counsel. When the case was called, counsel for appellant unsuccessfully moved for a continuance upon

the ground that he needed more time to prepare for trial. A verdict of guilty was subsequently returned by the jury and a sentence of two years was imposed.

The contention in this appeal is that the refusal of the motion for a continuance deprived appellant of the effective assistance of counsel. The real question is whether appellant was prejudiced by the delay in appointment of counsel until about four days before his trial. We find no prejudice and affirm the judgment.

At the trial, the State introduced the testimony of an eye witness who was awakened by a noise, about 3:30 a.m., on August 1, 1969, looked from her bedrooom window and saw appellant across the street, under bright street lights, wearing a yellow shirt, blue jeans and tennis shoes, attempting, with a flashlight and a hammer, to break into a grocery store and the coin box of a telephone located nearby. She called the police and gave them a description of the suspect, while watching him across the street. The officers arrested appellant a few minutes later about one half block away. He was dressed as described by the eye witness and had in his possession a flashlight and a hammer.

Appellant lived about five or six blocks away. According to his testimony, he could not sleep and left his home for a walk about 3 a. m. He walked as far as the grocery store in question and stopped for a short time because his leg was hurting. During his walk, he found the flashlight and hammer on the sidewalk, picked them up, and put them in his pocket. He thus explained his possession of the flashlight and hammer at the time of his arrest. While he admitted his presence in the vicinity about the time of the alleged crime, he denied any connection with it.

In addition to his testimony, appellant presented that of a nearby resident to the grocery store, who stated that he had heard no noise on the morning in question; and a telephone company employee to testify as to the absence of marks on the coin box of the telephone involved. He also introduced pictures of the scene, which were taken by his counsel.

The record completely refutes any claim of inadequate representation by appellant's counsel and that additonal time would have produced any further witnesses or defense. Counsel investigated the charge and was given the benefit of a full pretrial disclosure by the State of its case. He conferred with appellant, took pictures of the scene, conferred with people in the area, and called witnesses in appellant's behalf. Due to the occurence of the offense during the early morning hours and the nature of the slight traffic indicated, the record shows an improbability that other witnesses existed who could verify appellant's testimony or shed any further light upon the inquiry. When a motion for a new trial was made, the trial judge granted appellant's counsel a period of two weeks to make further investigation and present any additional facts which such investigation might reveal. No further showing was made in response to the opportunity so granted by the trial judge. We are convinced that no prejudice resulted to appellant from the refusal of the motion for a continuance. It must be conceded, however, that the absence of prejudice was no doubt due, in a large measure, to the prompt, diligent, and capable manner in which counsel proceeded in the representation of appellant.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.